IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEROME JULIUS BROWN, #2040824 : | |
| Petitioner : | |
| v. : | CIVIL ACTION NO. L-12-1159 |
| FAIRFAX COUNTY OFFICE SHERIFF : SHERIFF STAN BARRY | |
| : | |
| Respondents | |

o0o

**<u>MEMORANDUM</u>**

On April 13, 2012, Jerome Julius Brown ("Brown"), a frequent litigator in this Court who is now detained at the Fairfax County Adult Detention Center in Fairfax, Virginia, filed a 28 U.S.C. § 2254 form packet that can only be characterized as a jumble of papers which reference an arrest warrant for extradition from the State of Virginia. ECF No. 1. Mr. Brown raises various nonsensical supporting grounds, claiming he is a fugitive from justice, who was falsely arrested by the Commonwealth of Virginia without a sworn statement of the complaint. <u>Id.</u> The pleading has been construed as a 28 U.S.C. § 2241 petition, and Mr. Brown will be granted leave to file <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to 28 U.S.C. § 1915(a).

This Court has unsuccessfully attempted to determine the nature of the claims from a generous construction of the papers. To challenge the validity of his arrest, Brown's remedy would be to file a 28 U.S.C. § 2241 action in the district where his custodian is located. <u>See</u> <u>United States v. Poole</u>, 531 F.3d 263, 270-71 (4th Cir. 2008); <u>United States v. Miller</u>, 871 F.2d 488, 490 (4th Cir. 1989); <u>see</u> <u>also</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 446 (2004) ("whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United

States, he should name his warden as respondent and file the petition in the district of confinement"); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 496 (1973) (§ 2241 petitions typically heard by court having jurisdiction over petitioner's custodian).  The Maryland Judiciary website shows that on June 29, 2010, a warrant was issued charging Petitioner with failure to appear on charges of theft, taking of a motor vehicle/unlawful taking, and unauthorized removal of property.  See Maryland v. Brown, Case No. 6E00318051 (District Court for Prince George's County).  To the extent that Petitioner may be complaining about his March 20, 2012 extradition arrest warrant, there is no record that Brown has exhausted his grounds before the Maryland courts.  Any 28 U.S.C. § 2241 challenge to extradition proceedings is subject to exhaustion requirements.  As the Fourth Circuit Court of Appeals stated in the context of a federal court challenge to interstate extradition proceedings before state remedies were exhausted: "[i]t seems to us just as delicate a matter to take one out of the custody of an officer of an asylum state before rendition as to take one out of the custody of an officer of a demanding state after he has been returned there to await trial under an indictment." Tickle v. Summers, 270 F.2d 848, 851 (4th Cir. 1959).

     Discretion has been granted to federal district judges under § 1915 to screen out meritless cases filed by pro se litigants.  Mr. Brown's action satisfies the standard for such dismissal.  For the aforementioned reason, the action shall be dismissed for non-exhaustion by separate Order.

April 26, 2012                                     /s/

                                                       Benson Everett Legg
                                                       United States District Judge